THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
LOUIS ZABOR, Appellant.

CRIME — WHEN CONVICTION FOR SALE OF TOBACCO TO A CHILD NOT
WARRANTED BY EVIDENCE. A conviction for a violation of subdivision
5 of section 290 of the Penal Code, making it a misdemeanor to sell, pay
for or furnish cigars, cigarettes or tobacco to a child under the age of six-
teen years, is not warranted where the evidence discloses that the boy to
whom the defendant sold a package of cigars was sent to the store and
furnished with money by his mother for the purpose of procuring the
cigars for a person who boarded with her; that he told the defendant
whom they were for, and that the defendant knew the fact, the boy hav-
ing been sent on a similar errand many times before, since under such
circumstances the cigars were sold, not to the boy, but to the person for
whom he was directed to procure them, the boy acting merely as his agent.

*People* v. *Zabor*, 103 App. Div. 594, reversed.

(Argued November 24, 1905; decided December 5, 1905.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
March 20, 1905, which affirmed a judgment of the Court of
Special Sessions of the city of New York convicting the
defendant of a violation of the provisions of section 290 of
the Penal Code, and also affirming orders disallowing a
demurrer to the information and denying motions for a new
trial and in arrest of judgment.

The facts, so far as material, are stated in the opinion.

*Charles H. Studin* for appellant. The defendant com-
mitted no crime. (*Lamb* v. *State*, 67 Md. 524; *U. S.* v.
*Sharp*, Peters C. C. 118; *Comm.* v. *Lattinville*, 120 Mass.
385; *State* v. *McMahon*, 53 Conn. 407; *State* v. *Walker*,
103 N. C. 413; *Ross* v. *People*, 17 Hun, 591; Bishop's Stat.
Crimes, § 1021; *Monaghan* v. *State*, 66 Miss. 513; *Wallace* v.
*State*, 16 S. W. Rep. 517; *Comm.* v. *O'Leary*, 143 Mass. 95.)

*William Travers Jerome, District Attorney* (*Edward Sand-
ford* of counsel), for respondent. The Penal Code (§ 290,
subd. 5) makes it a crime to sell tobacco to a child under six-

teen, even though the child is purchasing the tobacco for the use of another and not for his own use.    (*People* v. *Ewer*, 141 N. Y. 129; *Ross* v. *People*, 17 Hun, 591.)

O'BRIEN, J.   By section 290 of the Penal Code, subdivision 5, it is made a misdemeanor to sell, pay for or furnish any cigars, cigarettes or tobacco in any form to any child actually or apparently under the age of sixteen years.   The defendant was convicted in one of the Courts of Special Sessions in the city of New York of a violation of this statute.   The only written charge in the record against the defendent is contained in an affidavit of a peace officer, wherein it is alleged that the defendant, on the 21st of July, 1904, did unlawfully and willfully sell *or* give away one package of cigars to one Edward Gluck, a boy of about twelve years of age.

The defendant demurred to the charge on the ground that it was in the disjunctive form; that is, he was charged with selling, *or giving away*, to the boy the package of cigars. The court, in an exhaustive opinion, decided that the charge was good, although admitting that it would be bad in an indictment.   Of course the defendant could not tell from the language of the charge whether he had to meet the case of selling cigars or giving them away.   But without discussing this loose method of procedure I prefer to examine the caes on its merits.

The People were bound to prove, beyond a reasonable doubt, that the defendant did in fact sell or give away the package of cigars to a boy twelve years of age, and it seems to me that the record does not contain any such proof, or any proof which warranted the defendant's conviction.   I cannot perceive that there is any conflict in the testimony, and the admitted facts in the case are these : The boy had never smoked in his life and did not procure the cigars for that purpose.   It appears that he lived with his mother, who kept a boarding house, and a man named Samuels was one of the boarders.   The boy had been in the habit on frequent occasions before the one in question of going to the defendant's store at the request of

Samuels, or his mother, to procure cigars, such as the package in question. He was furnished with the money to pay for them on the occasion in question and on all other occasions. He went to the defendant's store on the day stated in the charge and procured a package of what are called Jack Rose Little cigars. He handed the defendant ten cents and received back five cents in change. His mother testified that she sent him to the store on that day for the purpose of procuring the cigars. When he called for the cigars he told the defendant that they were for Samuel, and the defendant knew the fact, the boy having been sent on a similar errand many times before.

The question is whether upon these facts the defendant sold, paid for or furnished any cigars, cigarettes or tobacco in any form to a child under the age of sixteen years, within the meaning of the statute. It cannot be possible that this statute makes it a criminal offense for a person to hand to a boy such a sealed package of cigars, when the boy is sent to procure them by his parents, or other person. The defendant in fact and in law sold the cigars, not to the boy, but to Samuels, the boy acting merely as his agent. The construction placed upon this statute by the court below, if carried out to its logical sequence, would involve conclusions quite absurd and ridiculous. It is, I assume, a fact that in hotels, restaurants and clubs in the large cities, boys of this age are employed as waiters, and if a boy, having been sent by a guest to procure for him a package of cigars, performs the errand, the person delivering them to him in a sealed package is guilty of a misdemeanor.

Clearly the legislature could not have intended any such results when enacting this statute. The purpose was to prohibit dealers from selling to boys cigars, cigarettes or tobacco for their own use. It was to protect young boys against their own vices. The habit of using cigarettes by young boys had become so common and so harmful in its effects that it was thought that the dealer should be punished for aiding and encouraging the practice. But the transaction in question, as

disclosed by the evidence, would seem to be entirely innocent. The boy's mother had sent him on this errand for the accommodation of one of the boarders. He simply obeyed his parent, telling the dealer just what the errand was and the purpose for which he desired the cigars. We are not dealing with a case where the agency was colorable only and so understood by both parties.

I think that the judgment should be reversed and the defendant discharged.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment accordingly.