(49 Misc. Rep. 336.)

## PEOPLE v. HARTSTEIN.

(Supreme Court, Special Term, New York County. February, 1906.)

INTOXICATING LIQUORS—SALE TO MINOR—EVIDENCE.

 Where a minor, at the request of her brother-in-law gets a pail of beer, and pays for it with a ticket given to her by the brother-in-law for that purpose, and delivers the beer to him, it is not a sale of liquor to a minor within Pen. Code, § 290, subd. 3.

 [Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Intoxicating Liquors, § 174.]

Edward W. Hartstein was charged with an illegal sale of liquor and applies for writ of habeas corpus. Writ sustained, and petitioner discharged.

W. T. Jerome, Dist. Atty., for the People.
C. F. Snitkin, for defendant.

GILDERSLEEVE, J. The defendant was held by one of the city magistrates upon a charge of having willfully sold and delivered a pail of beer to a minor child, in violation of the provisions of section 290, subd. 3, of the Penal Code. The minor testified that her brother-in-law told her to go for the beer, and that, acting on such instructions, she went for the beer, obtained it, and brought it to her brother-in-law. The latter testified that he told the defendant that he would send the minor for the beer, and that he told the minor to go for the beer, which she did, and brought it to him. It further appears that the brother-in-law furnished the minor with the ticket with which to pay for the beer. The defendant, as we have seen, had already been informed that the minor might be expected to come for the beer on behalf of her brother-in-law, and, under the circumstances, the transaction cannot be said to be a sale of spirtuous liquors to a minor, within the meaning of the statute above referred to, as the beer was sold not to or for the minor, but to and for the brother-in-law. In the case of People, etc., v. Zabor (a decision of the Court of Appeals, December 18, 1905) 76 N. E. 17, it was held that section 290 of the Penal Code, subd. 5, making it a misdemeanor to sell or furnish tobacco to a child under 16 years of age, has no application to a case where the child is sent as a messenger to procure tobacco for an adult person, who furnished him with money to pay for the same, and of which fact the dealer was informed when he sold the tobacco. I agree with the views

of the learned city magistrate to the effect that the same principle applies to the case at bar. The language of the two subdivisions of section 290 are practically the same, except that one applies to the sale of tobacco and the other to the sale of liquor. The magistrate, however, felt constrained to follow a contrary doctrine laid down by the Court of Special Sessions, and so held the defendant for trial. While the practice of sending minors, and especially little girls, to saloons for the purpose of bringing away spirituous liquors for the use of adults should be severely condemned and discouraged, still I feel constrained to follow the decision of the Court of Appeals above cited, and cannot hold the transaction in question, under the circumstances disclosed, to be of a criminal character within the meaning of section 290, subd. 3, of the Penal Code, by virtue of which statute alone the defendant was held, as it is specifically stated in the papers.

Writ sustained and defendant discharged.