## PEOPLE v. McGUIRE.

(Supreme Court, Appellate Division, First Department. May 25, 1906.)

1. INFANTS — PROTECTION OF MORALS — SELLING JUNK — CONSTRUCTION OF STATUTE.

Pen. Code, § 290, subd. 6, providing that any dealer in junk who purchases any goods from a child under 16 is guilty of a misdemeanor, applies not only to stolen goods, but prohibits the purchase of any goods from a child under the age fixed.

2. CONSTITUTIONAL LAW—POLICE POWER—PROTECTION OF MORALS—REGULATING JUNK DEALERS.

Pen. Code, § 290, subd. 6, though construed to prohibit junk dealers from purchasing goods from children under 16, irrespective of whether the goods were stolen, is not unconstitutional.

3. INFANTS—PROTECTION OF MORALS—SALES OF JUNK—PROSECUTION UNDER STATUTE—PRESUMPTIONS.

    In a prosecution for violation of Pen. Code, § 290, subd. 6, making it a misdemeanor for junk dealers to purchase goods of children under the age of 16, there is no presumption that the child from whom the unlawful purchase was made was acting as the duly authorized agent of another having a lawful right to sell the junk.

Appeal from Court of Special Sessions of City of New York.

Michael McGuire was convicted of a misdemeanor, and appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

John W. Browne, for appellant.
Robert C. Taylor, for the People.

LAUGHLIN, J. The information charged, and the evidence showed, that the defendant was the proprietor of a junkshop at Nos. 100 and 102 Tenth avenue, in the city of New York, and that on the 28th day of January, 1905, in said junkshop, he purchased and received two bags of rags of a boy 12 years of age and paid four cents therefor. The provisions of section 290 of the Penal Code, so far as material, are as follows:

    "A person who * * * (6) or who, being the owner, keeper or proprietor of a junk shop, junk cart or vehicle or boat or other vessel used for the collection of junk, or any collector of junk, receives or purchases any goods, wares or merchandise from any child under the age of sixteen years, is guilty of a misdemeanor."

The appellant contends that his business was lawful, a license therefor being authorized by section 49, subdiv. 20, of the Greater New York charter, Laws 1897, p. 20, c. 378, and that the facts shown do not constitute a violation of the provisions of the Penal Code herein quoted. We are of the opinion that they do. The language employed by the Legislature plainly indicates an intent to prohibit such dealers from purchasing or receiving junk from a child under 16 years of age. The contention of the appellant is that the object of the Legislature was to prohibit the purchase of stolen property and to prohibit the admission of children into places where their health might be injured or their morals corrupted. It is evident that one of the objects of the statute is the prevention of stealing by children and to prevent their employment or agency in disposing of stolen property; but the Legislature, to effectuate those objects, deemed it necessary or advisable to prohibit junk dealers from purchasing such property from children under 16 years of age.

It is further contended that if the statute was intended to prohibit purchases from children under 16 years of age, regardless of whether the property had been stolen or the health or morals of the children would be injuriously affected by visiting the junkshop, it would be unconstitutional. We also regard this argument as untenable. The defendant was conducting a business which it was competent for the Legislature to provide should be licensed and regulated. Junk may readily be obtained unlawfully by children, and a junkshop is a convenient place

for selling it. Those facts constitute a temptation to the moral detriment of children which it was competent for the Legislature to remove by requiring junkdealers to be licensed, and by making it unlawful for them to buy of young children. People v. Ewer, 141 N. Y. 129, 36 N. E. 4, 25 L. R. A. 794, 38 Am. St. Rep. 788; People v. Pierson, 176 N. Y. 201, 68 N. E. 243, 63 L. R. A. 187, 98 Am. St. Rep. 666; Grand Rapids v. Braudy, 105 Mich. 670, 64 N. W. 29, 32 L. R. A. 116, 55 Am. St. Rep. 472, and cases cited in note 32 L. R. A. 116; People ex rel. Armstrong v. Warden, 183 N. Y. 223, 76 N. E. 11. See, also, People ex rel. Lieberman v. Vandecarr, 81 App. Div. 128, 80 N. Y. Supp. 1108, 175 N. Y. 440, 67 N. E. 913, and 199 U. S. 552. It may be that the statute should not receive a construction that would make it unlawful for a junk dealer to receive or purchase property from a child as the agent of the lawful owner (People v. Zabur, 183 N. Y. 242, 76 N. E. 17); but that question is not here, for there is no presumption that the boy was the duly authorized agent of another who had a lawful right to sell the junk, and it was not incumbent upon the people to show that he was not.

It follows that the conviction should be affirmed. All concur.