First Department, July, 1921.                    [Vol. 197

The People of the State of New York ex rel. Agins & Klugerman, Inc., Respondent, v. The Board of Health of the Department of Health of the City of New York, Appellant.

First Department, July 1, 1921.

Municipal corporations — city of New York — alternative writ of mandamus to compel vacation of order of board of health revoking relator's permit to sell milk — powers of board administrative — writ will not issue where there is no abuse of discretionary power.

An alternative writ of mandamus will not issue to require the board of health of the city of New York to vacate an order which revoked the relator's permit to sell milk and milk products, where it appears that the relator's record of violations of the Sanitary Code were numerous, and that the action of the board was not capricious, unreasonable or arbitrary.

The powers of the members of the board of health being adminstrative merely, they can issue or revoke permits to sell milk in the exercise of their best judgment, and their action is not subject to review unless it is arbitrary, tyrannical or unreasonable, in which case the remedy is mandamus.

Appeal by the defendant, The Board of Health of the Department of Health of the City of New York, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of May, 1921, as directs the issuance of an alternative writ of mandamus requiring it to vacate, set aside and revoke an order of said Board of Health which revoked the permit of the relator theretofore issued by it in 1920 to sell milk and milk products in the city of New York.

*Willard S. Allen* of counsel [*George P. Nicholson, John F. O'Brien* and *Russell Lord Tarbox* with him on the brief; *John P. O'Brien, Corporation Counsel,* attorney], for the appellant.

*Benajmin F. Schreiber* of counsel [*Alfred Rathheim* with him on the brief; *Schreiber & Collins,* attorneys], for the respondent.

Greenbaum, J.:

Defendant's authority to issue milk permits is conferred by section 155 of the Sanitary Code which in part reads as follows: " No milk, skimmed milk or cream, condensed or

concentrated milk, condensed skimmed milk or modified milk shall be held, kept, offered for sale, sold or delivered in the City of New York without a permit issued therefor by the Board of Health or otherwise than in accordance with the terms of said permit and with the regulations of said Board. * * * " (See Code of Ordinances of City of New York, chap. 20, § 155.)

The practically undisputed facts appearing from the papers before us are as follows: The previous record of Agins, relator's president, is that on September 15, 1916, he was fined fifteen dollars in the Court of Special Sessions for violation of section 152 of the Sanitary Code, for offering for sale adulterated cream; that on or about February 2, 1917, he was fined five dollars in the Municipal Term for violation of section 331, subdivision b, of the Sanitary Code for having in his possession two pounds of unwholesome eggs; that on or about May 1, 1918, he was fined ten dollars in the Municipal Term for violation of section 152 of the Sanitary Code, for offering for sale cream which was found to be below the standard required by law, and that on or about October 25, 1918, he was fined fifty dollars in the Municipal Term for violation of section 152 of the Sanitary Code, for offering for sale cream below the legal standard.

In or about the month of January, 1920, Agins, together with others who were theretofore engaged in the sour cream business, organized the relator corporation under the name of Agins & Klugerman, Inc.

On June 23, 1920, a permit was issued to the relator upon its assurance that it would comply with the provisions of the Sanitary Code.

In July, 1920, relator's president was summoned to the office of the acting director of the bureau of food and drugs of the department of health of the city of New York and notified that the bureau had found at different times five samples of cream offered for sale by the relator which were adulterated with foreign fat or were otherwise below the standard, and he was then warned that unless that practice was discontinued immediately it would be subjected not only to prosecution, but also to revocation of the permit issued to the relator. These five cases subsequently came on for trial;

564 People ex rel. Agins & K., Inc., *v.* Bd. of Health.

First Department, July, 1921. [Vol. 197

in one the relator was convicted on September 17, 1920, in the Court of Special Sessions for violation of section 152 of the Sanitary Code in selling cream below the standard and sentence suspended. In the other four cases it was convicted on January 13, 1921, in the Court of Special Sessions for violation of section 152 of the Sanitary Code in offering for sale cream containing a foreign fat and was fined twenty-five dollars for each of the four offenses.

Despite the warning of the acting director of the department, samples of cream below the standard were found in the possession of the relator on five other occasions.

On February 9, 1921, the acting director recommended the revocation of the permit issued to the relator.

On March 11, 1921, the relator was convicted on three of the charges in the Municipal Term for violation of section 152 of the Sanitary Code and was fined $150 for each of the three offenses.

On March 24, 1921, the board of health revoked the relator's permit. The remaining charges were then pending trial.

The defendant is charged with duties of the highest importance to the health of the community and the exercise of the power vested in it by law to revoke licenses will not be disturbed by the court excepting where its action is arbitrary, tyrannical or unreasonable.

In *People ex rel. Lodes* v. *Department of Health* (189 N. Y. 187) the court in the prevailing opinion said: " The powers of the members of the board of health being administrative merely, they can issue or revoke permits to sell milk in the exercise of their best judgment, upon or without notice, based upon such information as they may obtain through their own agencies, and their action is not subject to review either by appeal or by certiorari. (*Child* v. *Bemus*, 17 R. I. 230; *State ex rel. Cont. Ins. Co.* v. *Doyle*, 40 Wis. 220; *Wallace* v. *Mayor, etc., of Reno*, 63 L. R. A. 337.) If, however, their action is arbitrary, tyrannical and unreasonable, or is based upon false information, the relator may have a remedy through mandamus to right the wrong which he has suffered."

From the record before us it conclusively appears that the relator does not come into court with clean hands. Moreover, there is not the semblance of a fact in relator's petition which

even remotely suggests that defendant's action was " capricious, unreasonable or arbitrary " as relator asserts.

Since there is no fact presented indicating that the defendant abused its discretionary power, no alternative writ should have been granted. The order appealed from is reversed, with ten dollars costs and disbursements, and the motion for the writ denied, with fifty dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with fifty dollars costs.