In the Matter of the Application of WILLIAM DENING, Petitioner, for a Mandamus Order against MAURICE E. COOKE, Mayor of the Village of West Carthage, Jefferson County, New York, Respondent.

Supreme Court, Lewis County, April 22, 1937.

*Joseph W. Singer*, for the petitioner.

*Hynes & Burns*, for the respondent.

CROSS, J. This is an application for an order of mandamus, peremptory or alternative as the court should deem proper, requiring the mayor of the village of West Carthage, Jefferson county, N. Y., to issue a license to the applicant to engage in the junk business. Article 6 of the General Business Law and an ordinance of said village provide for such licensing.

The problem presented by the record is whether the applicant may be denied a license for the reason that he was convicted on or about August 3, 1936, in the village of Carthage of violation of subdivision 6 of section 484 of the Penal Law, which relates to the receiving or purchasing of junk from children under the age of sixteen years. This conviction is set forth by the defendant (mayor) in his answering affidavit as the reason for refusal to issue a license to the applicant.

It is not a common right which may be exercised by all persons to engage in the junk business. Article 6 of the General Business Law and subdivision 52 of section 89 of the Village Law (as added by Laws of 1927, chap. 650) are statutes of the State of New York which subject persons following the calling of a junk dealer to licensing and regulation.

The nature of the junk business as a market for stolen property makes it amenable to special regulation. (*People* v. *Rosenthal,* 197 N. Y. 394, at p. 400; affd., 226 U. S. 212.)

Subdivision 6 of section 484 of the Penal Law, for a violation of which the defendant stands convicted in the same locality within the last year, was enacted under the police power of the State for the protection of children. (*People* v. *McGuire,* 113 App. Div. 631.) The nature of this crime including its propinquity in time and locality, create a peculiarly close relation between the offense and a clear legal and equitable right to the license.

The applicant is required to show as a basis for the relief asked that he is legally and equitably entitled thereto. (*People ex rel. Stevens* v. *Hayt,* 66 N. Y. 606; *People ex rel. Agins & K. Co.* v. *Board of Health,* 197 App. Div. 562; *People ex rel. Wood* v. *Board of Assessors,* 137 N. Y. 201, at p. 204.)

The village of West Carthage adopted an ordinance pursuant to the Village Law providing for the licensing and regulating of junk dealers. This ordinance, *inter alia*, contained the following provision: " The Mayor, however, may grant or refuse to issue such license in his discretion."

" The courts may not interfere with discretion as to when exception shall be made, nor formulate standards to be used in the exercise of that discretion; they may interfere only when it is clearly shown that refusal is based solely upon grounds which as matter of law may not control the discretion of the council. In considering the power to issue a mandamus order for license, permit or consent, the courts must take into consideration the limits of the discretion which under the statute or ordinance is vested in the administrative body." (*Matter of Larkin Co., Inc.*, v. *Schwab*, 242 N. Y. 330.)

The public policy of the State as expressed in its statutes and judicial decisions relating to the licensing and regulating of junk dealers, precludes the court from reaching the conclusion that the applicant has either a clear legal or a clear equitable right to a peremptory order of mandamus. The facts before the court on this application are not in dispute and fail to convince that refusal to grant the applicant a junk dealer's license constitutes an arbitrary, capricious, tyrannical or unreasonable exercise of honest discretion. Such showing is required to present proper ground for inquiry by alternative order of mandamus. (10 Carmody New York Practice, § 545, p. 577.)

The enumeration of specific classes of persons under section 61 of the General Business Law as persons not entitled to receive such a license is not to be controlled in construction by the principle that a specific mention of one person or thing implies the exclusion of other persons or things. This principle is merely an aid in statutory construction where the wording is ambiguous. The principle must yield to clear legislative intent. Construing section 61 of the General Business Law in the light of its context, the intent to require the issuance of a license to any and every person save those who are expressly excluded by the statute, would be a strained and unreasonable interpretation.

The authority to regulate and license junk dealers is derived basically from the police power of the State and is to be exercised to the end that it subserves the public welfare. The reason assigned for refusal to grant the license in question bears a direct relation to that end.

The court may not properly aid the applicant by the compulsory process of mandamus to compel compliance with the strict letter of the law in disregard of its spirit (137 N. Y. at p. 204, *supra*). The general welfare of the public is entitled to legal recognition in just relation to the rights and profits of the individual.

In refusing to grant either a peremptory or alternative order of mandamus, this court is not expressing an opinion as to the

availability of the remedy of certiorari or the propriety of a decision favorable or unfavorable to the applicant in such a proceeding. That question need not be and is not now determined. Application denied, with costs. Prepare order accordingly.