In the Matter of the Application of JACOB SARAFAN, Petitioner, for Peremptory Order of Mandamus against GEORGE ZEISSNER, as Mayor of the Village of Spring Valley, Rockland County, Respondent.

Supreme Court, Special Term, Westchester County, June 1, 1937.

*Benjamin H. Selzer*, for the petitioner.

*Morton Lexow*, for the respondent.

PATTERSON, J.   The petitioner asks for a peremptory mandamus against George Zeissner, as mayor of the village of Spring Valley, N. Y., compelling him to issue a license to the petitioner pursuant to section 60 of the General Business Law.

The position of the petitioner is that a license must be issued to an applicant in such a case, unless it appears that he has been convicted of larceny or knowingly receiving stolen property.   It is conceded that the petitioner has never been so convicted.

Section 60 of the General Business Law provides that it shall be unlawful for any person to engage in the junk business without first having obtained a license so to do, in this instance, from the mayor of the village.   Section 61, entitled " Persons not entitled to license," provides that no person shall be entitled to receive such a license who has been convicted of larceny or knowingly receiving stolen property.

The question here presented is: In the absence of such a conviction, can the mayor refuse a license for any other cause or reason? The respondent sets forth in his opposing affidavits that since April of 1936, the petitioner has been engaged in the business of buying

and selling secondhand automobiles and dismantling same and selling the separate parts thereof either for use in other automobiles or as scrap metal, and that this business has been carried on in the village of Spring Valley and on the premises where I assume he is applying for the license to conduct a junk business.

It appears from the opposing affidavits that the business as so conducted on the premises for the past year by the petitioner has constituted a public nuisance. This appears to be satisfactorily established from the averments in the several opposing affidavits, but will that justify the arbitrary refusal to issue the petitioner a license. I think it will not.

While I have every sympathy with the mayor in his evident purpose in refusing a license, namely, to abate a nuisance, I think he has mistaken his remedy. Refusing the petitioner a license to conduct a junk business on the premises will not of itself mitigate the nuisance and menace which the neighbors now complain of, because, seemingly, he can still continue with his present business, which is the cause of the nuisance, without obtaining a license therefor.

The obvious remedy of the village and the neighboring property owners is an action to abate a public nuisance, or indeed, to proceed under the appropriate section of the Penal Law. To deny the petitioner a license is to assume that he is going to violate the law simply because he is apparently presently violating it in the conduct of another business, similar but not the same as the junk business.

I think the statute contemplates that a petitioner who has not been convicted of larceny or knowingly receiving stolen property is, as a matter of course, entitled to a license, upon tendering the fee, in order to authorize him to engage in the junk business. Of course, if the license is issued and the plaintiff so conducts his junk business as to constitute a menace to public safety or health, he may immediately be enjoined from so doing.

The motion for a peremptory mandamus order directing the said mayor of the village of Spring Valley to issue a license upon payment of the statutory fee, therefore, is granted.