In the Matter of A & R PAPER & METALS Co., INC., Petitioner, against EDWARD T. BOYLE, as Mayor of the City of Auburn, Respondent.

Supreme Court, Special Term, Wayne County, January 21, 1952.

*George M. Michaels* for petitioner.

*Herbert T. Anderson, Corporation Counsel,* for respondent.

GILBERT, J. Petitioner is a junk dealer, more particularly engaged in the business of buying and selling scrap metal in the city of Auburn, New York, and, for the past fourteen years, has been engaged in said business in the said city of Auburn, operating under licenses issued annually by the Mayor of said city. The licenses have been so issued pursuant to the provisions of section 60 of the General Business Law of the State of New York, and there is no local licensing ordinance involved.

Until recently petitioner's sole place of business was at 79 Wall Street in the said city of Auburn. However, in the summer of 1951, petitioner purchased a parcel of property situate at No. 12–14–16 Arlington Avenue in the said city of Auburn, said property being an abandoned coal yard. On or about September 1, 1951, the petitioner notified the Mayor and corporation counsel of the said city that it intended to use the Arlington Avenue premises for the storage of scrap metal and that it intended to erect a fence around said premises, demolish the old buildings on said premises and take all proper and necessary precautions to assure adjoining land owners that no private or public nuisance would be maintained on said premises.

Within a few days thereafter petitioner started to erect a six-foot fence around said premises. Immediately thereafter, the Columbian Rope Co., which then owned and now owns nearby premises, complained to the Auburn city manager, and petitioner was requested to stop the erection of the fence pending further investigation by the city manager and corporation counsel. Petitioner complied with said request and did nothing further until November 8, 1951, at which time, having received no further word from the aforesaid officers of the city, petitioner completed the construction of the fence and stored scrap metal on said premises.

After certain negotiations the respondent revoked a junk license previously issued to petitioner (on July 1, 1951), which said license granted petitioner the right " to carry on and conduct a Junk Business within the City of Auburn, N. Y.", and issued a new license (on November 23, 1951) which provided that it should " be effective only so long as your place of business is limited to 79 Wall St. only." A letter was sent by respondent to petitioner which set forth the grounds on which respondent revoked the unrestricted license of July 1, 1951, to wit: That in issuing said license respondent had specifically reserved therein the right to revoke the same " for any reason which to him may seem good and sufficient ", and that said revocation was also a proper exercise of the general police power reposed in respondent; further, that the operation of such premises as a junk yard would constitute a nuisance and damage the neighborhood in various ways.

It is conceded that the premises are located in an unrestricted zone and that there is no zoning ordinance which prohibits the use to which petitioner has put the premises.

Petitioner here seeks an order declaring null and void and setting aside the determination by respondent which resulted in the revocation of the July 1, 1951, license and the issuing of the new license restricted to 79 Wall Street, and prohibiting the respondent from taking any further proceedings in the matter of petitioner's operations at the Arlington Avenue address in storing and shipping scrap metal.

Petitioner contends that the business of dealing in large pieces of scrap metal is not the " junk " business and is not subject to the licensing requirements, and that, even if the statute does apply, the license is State-wide in effect and respondent could not revoke it on any of the grounds set forth or limit it in any way; that the storage of scrap metal is not a nuisance per se, and that, even if a nuisance were involved, respondent has mistaken his remedy.

The State law applies in the absence of a local ordinance requiring a license to carry on the junk business. (See 1939 Atty. Gen. 138.) As noted above, there is no local ordinance involved in this case, so that petitioner's rights and liabilities are determined by the State law. Under the wording used in section 60 of the General Business Law, it seems clear that petitioner is engaged in the " junk business " so far as the law of the State of New York is concerned.

A junk dealer need procure but one license for the transaction of his business, to be taken out in the municipality where his principal place of business is located. (See 1903 Atty. Gen. 389.) No authority whatsoever appears for limiting the license in the case at bar, unless it could be argued that respondent had a right to revoke petitioner's license completely and chose to only partially revoke the same.

It has been said that "The nature of the junk business as a market for stolen property makes it amenable to special regulation." (*Matter of Dening* v. *Cooke,* 162 Misc. 723, 724. See, also, *People* v. *Rosenthal,* 197 N. Y. 394, affd. 226 U. S. 260; *City of New York* v. *Vandewater,* 113 App. Div. 456; *People* v. *McGuire,* 113 App. Div. 631, and *People* v. *Nierman,* 190 Misc. 149.) It is suggested in the *Dening* case that it would not be reasonable to say that any person who did not come specifically within the provisions of section 61 of the General Business Law would automatically be entitled to a license; and it might well be proper to refuse such a license to a person illegally purchasing junk from children under the age of sixteen years in violation of the provisions of subdivision 6 of section 484 of the Penal Law even in cases where no broad local ordinance existed. However, it should be noted that in the *Dening* case a local ordinance was involved which on its face appeared to give the Mayor broader powers than he would have possessed in the absence of such ordinance. It is suggested in *Matter of Sarafan* v. *Zeissner* (163 Misc. 73) (where no local ordinance was involved), that a license can be refused only on the grounds set out in section 61 of the General Business Law, but this interpretation may be too narrow. It should also be noted that a forfeiture of license follows a conviction of violating any of the provisions of article 6 of the General Business Law. In any event, no authority has been discovered for refusing or revoking a license unless conduct in the nature of, or in aid of, or potentially in aid of larceny or the receipt, withholding or concealing of stolen property was involved. It is felt that the State of New York, in the reasonable exercise of its police power, certainly did not intend to place and has not placed any restrictions on the conduct or licensing of junk dealers other than as above set forth, and it follows that any person who has not been guilty of any violation of the above standard clearly has an absolute right to a license upon payment of the prescribed fee so far as the State of New York is concerned. As noted above, the State law clearly applies in the absence of a local ordinance, and it has not been suggested that petitioner has

been guilty of anything resembling a violation of the above standard at any time. The attempt on the part of the respondent to reserve the right to revoke a license granted by him '' for any reason which to him may seem good and sufficient '', or to exercise a general police power allegedly reposed in him was abortive, no authority for such action existing, and the respondent being more or less in the position of an agent of the State insofar as the issuance of junk licenses is concerned. It thus appears that respondent had no legal right to revoke petitioner's license, either completely or partially.

It should finally be noted that even if a nuisance presently exists as a result of petitioner's acts, no sufficient grounds exists for the revocation or denial of a license. On the one hand it cannot be assumed that the nuisance, if any there be, will be continued, and on the other hand the appropriate remedy in any event is an action for an injunction and/or damages. (See *Matter of Sarafan* v. *Zeissner, supra.*)

Petitioner is entitled to an order declaring null and void and setting aside the determination by respondent which resulted in the revocation of the July 1, 1951, license and the issuing of the new license restricted to 79 Wall Street, and ordering the respondent to issue to petitioner an unrestricted license. It is not appropriate that such order prohibit respondent from taking any further proceedings in the matter of petitioner's operations at the Arlington Avenue address in storing and shipping scrap metal, inasmuch as it is conceivable that respondent could raise the question of public nuisance in an action for an injunction and/or damages, or the question of conduct on the part of the petitioner which would sustain a revocation of the license, or some other question not involved in the foregoing determination.

Ordered in accordance with the foregoing.