PEOPLE ex rel. FREDERICK WOOD, Appellant, *v.* THE BOARD OF ASSESSORS AND COLLECTOR OF TAXES, etc., of Brooklyn, Respondent.

In the Matter of the Application of FREDERICK WOOD for a Peremptory Writ of Mandamus.

A writ of mandamus will not be granted to compel the performance of an act which will work a public and private mischief, or to compel a compliance with the strict letter of a law, in disregard of its spirit or in aid of a palpable fraud.

W., the relator, was the owner of a tract of land in the city of Brooklyn, which had been assessed and a tax imposed thereon of $2,506.64. W. sold a portion of the land to H., and applied to the assessors for an apportionment of the tax; this was done, $194.96 of the tax being apportioned to the part sold, and $2,311.68 to the residue. The apportionment was properly entered in the assessors' records, but their clerk, in transcribing for the purpose of certifying the taxes as apportioned, by mistake transposed the figures so that W.'s premises appeared to be taxed only for $194.96; this, with knowledge of the apportionment

actually made, he paid to the collector, without disclosing to him the mistake, and received a receipted bill therefor. Thereafter H. by mandamus proceedings, to which W. was not a party, compelled the collector to correct his books so as to conform to the apportionment. W.'s premises were advertised for sale for non-payment of the tax, less the amount paid by him. *Held*, that a mandamus to compel the cancellation of the tax was properly denied; and this, conceding there was a technical want of authority to make the correction.

(Argued January 30, 1893; decided February 10, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made February 8, 1892, which reversed an order of Special Term granting a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Frederick P. Bellamy* for appellant. The assesors had no power to make any changes or corrections after the tax was paid. (*People* v. *Forrest*, 96 N. Y. 554; *Clark* v. *Norton*, 49 id. 243; *Overing* v. *Foote*, 65 id. 263; Laws of 1888, chap. 583, § 8; *In re Trustees, etc., Union College*, 129 N. Y. 308.) The reapportionment of March 19, 1889, was one which the board of assessors had no power to make, as it was not the correction of an "error entirely clerical." (Laws of 1888, chap. 583, § 10; *People ex rel.* v. *Forrest*, 96 N. Y. 544; *Apgar* v. *Hayward*, 110 id. 225.) Even if the "error" was clerical, and if the assessors had power to correct it after the tax had been paid, yet they could not do so without notice to the appellant. (*Clark* v. *Norton*, 49 N. Y. 243; *People* v. *Forrest*, 96 id. 544; *Stuart* v. *Palmer*, 74 id. 183; *Overing* v. *Foote*, 65 id. 263; *Merritt* v. *Portchester*, 71 id. 309; *People* v. *Wimple*, 117 id. 77; *Remsen* v. *Wheeler*, 105 id. 573.) A peremptory writ of mandamus was properly directed to issue by the Special Term. (*Clark* v. *Norton*, 49 N. Y. 243; *Barhyte* v. *Shephard*, 35 id. 238, 255; *People* v. *Suprs.*, 65 id. 300.)

*William T. Gilbert* for respondent. The power has been conferred upon the board of assessors to correct any clerical

1893.]    People ex rel. Wood v. Assessors, etc.    203

Opinion of the Court, per Earl, J.

error made in the laying or fixing of any general tax. (Laws of 1888, chap. 583, § 10 · *In re Hermance* v. *Bd. Suprs.*, 71 N. Y. 481.)

Earl, J.   Prior to June 1, 1888, the relator owned a tract of land in the city of Brooklyn, which had been assessed for the purposes of taxation for that year at the sum of $90,000, and a tax was imposed thereon, based upon that assessment, for the sum of $2,506.64. Afterward the relator sold about one-fifth in quantity and one-fifteenth in value of the land to Mr. Havemeyer, and he applied to the board of assessors for an apportionment of the tax imposed upon the whole tract between the portions owned by him and the relator respectively. The assessors apportioned the assessed value of the land by assigning $7,000 thereof to the lot of Havemeyer and $83,000 to the lot of the relator, and apportioned the tax by placing $194.96 upon the former lot and $2,311.68 upon the latter lot. It is not disputed that all these proceedings were regular and legal, and the apportionment of the taxes appears to have been properly entered in the records kept by the board of assessors. Their clerk, in transcribing the records for the purpose of certifying the taxes as thus apportioned to the collector of taxes and assessments, by mistake transposed the taxes so that the Havemeyer lot appeared to be taxed for $2,311.68, and the relator's lot for only $194.96. The relator had knowledge of the original assessment and the tax, and of the apportionment of the tax, and for the purpose and with the intention of escaping the burden of his just and proportionate share of the tax originally imposed upon his land, and escaping the payment of the tax apportioned to his lot. he went to the collector of taxes, and without disclosing to him the mistake, paid to him the sum of $194.96, less the rebate allowed by law, and received a receipted bill therefor. Havemeyer afterward discovered the mistake and obtained from the board of assessors a certificate showing the true apportionment made by them, and he delivered the certificate to the collector of taxes and requested him to correct the entry

upon his books, which he refused to do. Thereupon he, by a mandamus proceeding properly conducted, to which this relator was not a party, compelled the collector to correct his books so as to make them conform to the original apportionment, and to receive the tax thereby imposed upon his lot. Thereafter the relator's lot was advertised for sale for the non-payment of the tax upon his lot, less the amount paid by him as above stated, and he then obtained, at the Special Term of the Supreme Court, a peremptory writ of mandamus to compel the cancellation of the tax, on the ground that the correction and alteration of the books of the collector so as to make the entries therein conform to the apportionment of the tax as made was unauthorized. The General Term held that the mandamus ought not to have been granted, and the reasons given for its conclusion in the opinion there pronounced are entirely satisfactory, and we need not reiterate them here.

But there is still a further ground upon which the decision below can be upheld, even if we assume there was a technical want of adequate authority to make the alteration and correction complained of. The writ of mandamus is not always demandable as an absolute right, and whether it shall be granted or not frequently rests in the discretion of the court. (*The State ex rel.* v. *Commissioners of Phillips Co.*, 26 Kansas, 419; *People* v. *Hatch*, 33 Ill. 9, 134; *People ex rel. Sherwood* v. *Board of Canvassers*, 129 N. Y. 360.) The writ will be granted to prevent a failure of justice, but never to promote manifest injustice. It is a remedial process and may be issued to remedy a wrong, not to promote one, to compel the discharge of a duty which ought to be performed, but not to compel the performance of an act which will work a public and private mischief, or to compel a compliance with the strict letter of the law in disregard of its spirit or in aid of a palpable fraud. The relator must come into court with clean hands, and he cannot invoke this extraordinary remedy, as in this case, to evade the payment of his just portion of a tax by taking and claiming the advantage of a confessed mistake. Even if he had no other remedy he should be left to his own

devices to escape the burden honestly resting upon him, and the court may properly refuse to aid him by compulsory process.

The order of the General Term should, therefore, be affirmed, with costs.

All concur.

Order affirmed.