JAMES S. REARDON, as Treasurer of TRUCK OWNERS LEAGUE OF THE CITY OF NEW YORK, an Unincorporated Association, Respondent, *v.* INTERNATIONAL MERCANTILE MARINE COMPANY and Others, Appellants.

Second Department, November 21, 1919.

Injunction — suit to compel employer to restrain striking employees — when injunction pendente lite should not issue.

Where it has been held that a temporary injunction should not issue restraining labor unions from declaring a strike and boycott against an employer who refused to accede to an eight-hour day, etc., it is improper to grant a mandatory injunction *pendente lite* in another action brought against a common carrier compelling said carrier to require its employees, who are members of labor unions not made parties to the second action, to handle freight tendered by the plaintiff, there being no proof of any conspiracy between the carrier and its employees to injure the plaintiff's business, and especially so where it appears that if the defendants discharge their men they can procure no other laborers to do work of great importance to the entire community.

It was an abuse of discretion to issue such mandatory injunction in advance of trial.

Such suit cannot be maintained by the plaintiff on behalf of unnamed members of an employers' league of which plaintiff is treasurer, where the

interest of such other members is not pleaded or proved and there is nothing to show that they are in sympathy with or have authorized the plaintiff's action.

MILLS, J., dissented, with opinion, in which RICH, J., concurred in part.

APPEAL by the defendants, International Mercantile Marine Company and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 16th day of June, 1919, granting plaintiff's motion for an injunction *pendente lite.*

*Van Vechten Veeder* [*Roscoe H. Hupper* and *Ray Rood Allen* with him on the brief], for the appellants International Mercantile Marine Company and others.

*Carroll G. Walter* [*Edward J. Patterson* with him on the brief], for the appellant France and Canada Steamship Corporation.

*Harold S. Deming* [*Wharton Poor* with him on the brief], for the appellants Gans Steamship Line and others.

*L. De Grove Potter,* for the appellant Gaston, Williams & Wigmore Steamship Corporation.

*Richard Reid Rogers,* for the appellant Panama Railroad Company.

*Paul Bonynge,* for the respondent.

KELLY, J.:

The plaintiff has seen fit to bring this action against the defendants without making the various labor organizations and their members parties to the litigation. The complaint alleges the controversy between the plaintiff and the dock laborers and longshoremen which is the subject of the action of *Reardon, Inc.,* v. *Caton* (189 App. Div. 501), and alleges that the members of the· Truck Owners League, an unincorporated association of which plaintiff is the treasurer, and whose names are not stated in the complaint, are interfered with and prevented from carrying on their business by the refusal of the dock laborers to work with the non-union

employees of the members of the league, and it is charged that the defendants with full knowledge of the premises have wrongfully permitted the laborers, described as their employees, to declare and enforce an embargo or boycott against the league and its members. The facts concerning the so-called boycott or embargo are fully set forth in the opinion filed in the action of *Reardon, Inc.,* v. *Caton (supra).* It seems to me that the preliminary injunction granted in this case originally without notice, and continued after argument, is contrary to law for several reasons: 1. The authority of the plaintiff to maintain the action on behalf of the unnamed members of the league and the interest of such members is not pleaded or proved. There is nothing to show for whom the plaintiff is assuming to act or that the individual members of the league, whoever they may be, are in sympathy with or have authorized his action. 2. The moving affidavits show refusals by the longshoremen and dock laborers to work with the non-union drivers of the corporation of which the plaintiff is treasurer, and one other truck owner, Daniels & Kennedy, Mr. Kennedy being the president of the league. There is no evidence by affidavit of any difficulty on the part of any other truckman named to carry on his calling. 3. The action is based entirely upon the allegation that the defendant common carriers knowingly and wrongfully permit the workmen to refuse dealing with the non-union drivers of the league members. But each of the common carriers makes positive affidavit that the action of the dock laborers is without their assent and without their approval. No conspiracy between the common carriers and the dock laborers is pleaded or suggested. The affidavits for the carriers state that they are powerless in the matter, because if they discharge their men they can procure no one else to do the work which is of so great importance to the entire community. As already suggested, the plaintiff has not joined the labor organizations as parties defendant in the action. The preliminary injunction is unnecessary and uncalled for. If the injunction in the action against the labor unions is sustained, there is no reason or necessity for enjoining the steamship companies. If, on the other hand, it is dissolved, in my opinion it would be the height of folly to issue a mandatory injunction such as this

518 REARDON *v.* INTERNATIONAL MERCANTILE MARINE CO.

against the defendants. Because it appears that practically the entire force of dock laborers, checkers, weighers, etc., to the number of some 125,000 men, is unionized, and if they are left free to pursue their work and better their condition by lawful methods, any attempt by the steamship companies to force them to work with non-union drivers would only result in a general strike and tie-up of the freight of the port. Upon the papers it is uncontradicted that it is impossible from a practical standpoint to obtain non-union labor to perform the work. 4. Certain of the defendants demur to the complaint, others deny that they are engaged in business at all, others that they are common carriers, but the preliminary injunction sweeps all these denials aside and issues against defendants who, so far as the proof shows, have no connection with the controversy. And in addition, by a clause added to the order appealed from, the injunction is made to apply to and inure to the benefit of a number of individuals, copartnerships and corporations in no way mentioned in the complaint or affidavits, but who are described in the order as " members of the plaintiff association," without evidence to justify such description or opportunity given them to be heard.

Under elementary principles I think the injunction should have been denied. The dispute must be settled in the other case. From every point of view I think it was an abuse of discretion to issue such a mandatory injunction in advance of trial. (*People ex rel. Wood* v. *Assessors, etc.,* 137 N. Y. 201, 204; *Matter of Attorney-General,* 124 App. Div. 401, 408.) Taking the case by itself, as the plaintiff sees fit to present it to the court, a preliminary injunction may benefit the two trucking concerns mentioned, enabling them to continue their exaction of the ten-hour day and payment of fifty cents for overtime, but it might ruin the seventy-five per cent of the truck owners in the port who are in accord with the labor organizations, and result in an embargo on the shipping in and out of New York, and would be unenforcible because it would bring about the very result which it purports to prevent. I think the order should be reversed and the motion denied.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JENKS, P. J., concurred; PUTNAM, J., concurred in separate memorandum; MILLS, J., read for affirmance; RICH, J., was of opinion that it is the duty of the carrier to accept the freight, and, therefore, concurred in the result reached by MILLS, J., in so far as it enjoins the employers.

PUTNAM, J.:

The delivery clerks, receiving clerks, weighers and checkers who by the judgment of this court are no longer enjoined from discriminating against plaintiff's trucks in receiving freight for shipment, are the very servants and representatives of the carriers by which through traffic with connecting carriers is conducted. If the injunction against the organization of employed weighers, checkers and other employees is to be reversed, as the majority of this court have voted, then naturally the employers should not be enjoined, while leaving their men free to discriminate. I agree with the reasoning of Mr. Justice MILLS, but consider it inapplicable after the reversal in *Reardon, Inc., v. Caton.*

MILLS, J. (dissenting):

I dissent and vote for affirmance for the same reasons that I did in *Reardon, Inc., v. Caton,* decided by us simultaneously herewith, and beg to refer to my memorandum of dissent therein. It seems to me that the prevailing opinion upon this appeal serves to accentuate the intolerable condition which that opinion would create or sustain, as I pointed out in my memorandum there. In that appeal that opinion denies the right of injunction against the employees so that they may not refuse to accept freight tendered by non-union men, and this one denies the right to such an injunction against the carrier itself. With the two effective, the obligation of common carriers would be entirely gone. By parity of such reasoning a common carrier of passengers could deny passage to non-union workmen and their families, as well as to the employers of non-union men.

Here the defendants do not dispute the right of the trucking concerns, individual, firm or corporation, to have their freight handled at the piers by the employees of the defendants without any discrimination against those of them who are not

members of any union; but the defendants contend that they should not be enjoined because they do not authorize any such discrimination by their employees, but on the contrary forbid their employees to make it, and because if they were to discharge such employees for such discrimination they would be unable to fill their places and so would be prevented from at all performing their duties as common carriers. This amounts to a plea by defendants that because their employees will not, in that regard, obey their directions, they, the defendants, should be excused from performing, to that ·extent, their full duty as common carriers. That plea seems to me to be thoroughly bad. The naked fact that the men, their employees, disobeyed the · law before the determination making its meaning and effect plain does not at all warrant the conclusion that those men will disobey after such determination has been made, as it now has in this case at Special Term. Ours is " a government of laws and not of men," and at least until the contrary has been demonstrated upon due trial we must proceed upon the assumption that all men, in any and every position, will obey the law after it has been judicially declared by the constitutional authority for that purpose. If it should prove that the defendants are unable to employ men to discharge the various functions involved because of the legal requirement that those men cannot, in the discharge of those functions, refuse to extend the same service to non-union men as to union men, that fact would no doubt be considered upon any application to punish the defendants for actual disobedience of the injunction.

Our decision in *Reardon, Inc.,* v. *Caton,* being made simultaneously herewith, is not to be deemed an authority governing the decision in this appeal. I regard the two cases as being practically one. It is plain, I think, that the two actions might well have been brought as one against all the defendants in both.

RICH, J., concurred in part.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.