PAUL KYSER, an Infant, by MARY BOHLEY, His Guardian ad Litem, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Fourth Department, January 7, 1925.

Railroads — crossing accidents — action to recover for injury suffered by plaintiff at alleged street crossing — street beginning at south side of tracks was discontinued southerly by common council of city of Syracuse more than six years before accident — said portion of street ceased to be highway under Highway Law, § 234 — slight use does not change rule — defendant is not estopped by accepting franchise and paying tax.

In an action to recover damages for injury suffered by the plaintiff when he was struck by one of defendant's trains at an alleged street crossing in the city of Syracuse, it must be held that the street south of the railroad track had ceased to be a highway at the time of the accident since it appears that the common council of the city of Syracuse more than six years prior to the time of the accident passed an ordinance discontinuing the street south of the tracks, and that thereafter buildings were placed on the ground previously used as a part of the street.

Said portion of the street ceased to be a highway under section 234 of the Highway Law, which provides that every highway that shall not have been traveled or used as such for six years shall cease to be a highway.

The mere fact that the alleged street was used slightly by pedestrians in going to and from the manufacturing plants near the railroad track did not continue the street as a highway since it appears that there were none of the essential characteristics of a street present, and that the persons who used it did not follow a defined course of travel.

The defendant, by accepting a franchise to cross the street, which was in existence at the time the franchise was granted, and by paying a franchise tax based on the existence of the street, was not estopped from claiming that the street had been abandoned and was not in existence at the time of the accident.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 7th day of February, 1924, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's

office on the same day denying the defendant's motion for a new trial made upon the minutes.

*Williams & Cowie* [*Daniel Scanlon* and *Arthur M. Beach* of counsel], for the appellant.

*Mackenzie, Smith & Lewis* [*Edmund H. Lewis* of counsel], for the respondent.

HUBBS, P. J.:

The plaintiff, when nine years of age, lost his arm by being run over by one of the defendant's trains in the city of Syracuse at a point where Vine street was crossed by the defendant's tracks. For such injury he has recovered a judgment against the defendant. The accident happened on January 29, 1923.

At the point in question the defendant had seven tracks, extending east and west. Vine street extends north and south and formerly it extended south of the defendant's tracks to Canal street, which street extends east and west. In December, 1908, the common council of the city of Syracuse, by ordinance, discontinued Vine street south of a point 132 feet north of Canal street. That point, is located near the south side of the defendant's right of way, between the seventh track, counting from the north, and a switch track upon an embankment. The switch track is used by the manufacturing plants located to the south of and adjoining said track. So that Vine street, on its southerly end as mapped, ended near the southerly side of the defendant's right of way. From said southerly end, if in existence as a highway, it would pass over seven tracks owned and used by the defendant before reaching the northerly line of the defendant's right of way. From the northerly line of defendant's right of way to the point where Vine street, if in existence as a street, ended there was no visible sign of a street. There were no planks or filling between the rails. The rails were laid on ties even with the top of the ground, so that the rails were from five and one-half to six inches above the level of the ground. To the south of the defendant's right of way, within the lines of Vine street extended, was first an embankment. On top of the embankment was a switching track and to the south of that a manufacturing plant covering the whole width of Vine street as formerly laid out on the map and extending east and west for several hundred feet. There was no opening through which a person could pass to the south, except by going through a building. A person proceeding southerly on Vine street, after passing the defendant's northerly track, could not go from the street as mapped without trespassing upon the defendant's property and the private

manufacturing property south of the tracks. This condition has existed for many years. The manufacturing plant referred to has been built over fifteen years.

We will assume that Vine street formerly extended across the defendant's track and south to Canal street and was used as a highway. We think, however, that after the common council, by ordinance, discontinued the street south of the defendant's tracks, and buildings were placed across it, and such condition existed for over six years, that the part of the street south of the defendant's northerly track ceased to be a highway within the provision of section 234 of the Highway Law (as amd. by Laws of 1915, chap. 322), as follows: " every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right of way." We think that the decision in *Town of LeRay* v. *N. Y. C. R. R. Co.* (226 N. Y. 109) is controlling in the case at bar. There were certain facts in that case which distinguish it from this upon the facts, as pointed out by the learned counsel for the respondent, but the principle there decided is controlling. In that case, as in this, certain people did cross the defendant's tracks at the point where the former highway existed. The court said: " We have held that an unobstructed sidewalk may preserve a highway, though vehicles are barred (*Mangan* v. *Village of Sing Sing*, 26 App. Div. 464, 467; affd., on opinion below, 164 N. Y. 560). But travel in such cases proceeded along defined and constant lines. The pathway was narrowed, but it was used as streets are used. That is not the situation here. There may have been a use, but not a use 'as a highway.' If a pole or a fence had been placed across the road, pedestrians might have clambered under or over, and made their way to the tracks. Use ' as a highway ' involves something more. *Travel must proceed, in forms reasonably normal, along the lines of an existing street (City of New Rochelle* v. *New Rochelle Coal & Lumber Co.*, 224 N. Y. 696; *Barnes* v. *Midland R. R. Terminal Co.*, 218 N. Y. 91, 98, and cases there cited). That there was no such travel here is plain."

A person walking south could not go anywhere without walking upon the defendant's tracks and upon private property, and a person going north could not get upon the street without also passing over private property and the defendant's tracks. It is true that certain employees of the plant south of the tracks did pass from the plant over the side track, down the embankment and then north over the tracks, within the lines of Vine street extended. They also returned to their work that way. And occasionally other persons having business at the plant would go and return the

same way. Such use, however, in view of the physical situation did not constitute a use " as a highway."

The learned trial justice held, as a matter of law, that the defendant, by accepting a franchise from the city of Syracuse which described the right of way as extending over Vine street, and by paying a franchise tax which included the tax for passing over Vine street, estopped itself from asserting that the *locus in quo* was not a part of Vine street. We think such holding was error. Even if the street was in existence when the defendant's franchise was granted, it might cease to be a highway thereafter by nonuser. In this action all of the elements of estoppel are lacking. (*Jacobus v. Jamestown Mantel Co.*, 211 N. Y. 154; *Finnegan v. McGuffog*, 203 id. 342, 350.)

The learned trial court held that there could be no recovery unless the plaintiff was injured on Vine street. As the evidence now stands it clearly appears that the plaintiff was not injured on Vine street for that street had ceased to exist as a highway at the place of the accident.

The judgment should be reversed, with costs to the appellant to abide the event, and a new trial granted.

CLARK and DAVIS, JJ., concur; SEARS and CROUCH, JJ., concur in result, upon the ground that the question whether Vine street had been abandoned across the tracks was for the jury.

Judgment and order reversed on the law and facts, and a new trial granted, with costs to appellant to abide event.