NELLIE M. QUINN, as Administratrix, etc., of JAMES QUINN, Deceased, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

NELLIE QUINN, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

Fourth Department, June 28, 1927.

Railroads — injuries to pedestrians — accident occurred at place where street, if extended, would have crossed tracks — place was used as railroad yards — pedestrians crossed at no defined place and without permission — defendant not guilty of negligence when car struck plaintiff as she was crossing tracks.

This is an action to recover damages for injuries suffered by one of the plaintiffs when she was struck by a railroad car as she was crossing the tracks of the defendant at a point where the street, if extended, would have crossed the tracks. The place of the accident was and has been used by the defendant as part of its railroad yards, and, while pedestrians crossed the tracks there, there was no well-defined place for crossing, the pedestrians crossing as best they could between the cars. Pedestrians had no license to cross the tracks at the point of the accident, and when the plaintiff assumed to do so she took her chances, and the defendant was not guilty of negligence in moving the railroad car which struck the plaintiff. Furthermore, there was no evidence to show that the defendant by any affirmative act of negligence caused the accident, there being no proof that the car was set in motion by a locomotive or by any act or omission of the defendant.

APPEAL by the defendant in each of the above-entitled actions from a judgment of thé Supreme Court in favor of the respective plaintiffs, entered in the office of the clerk of the county of Erie on the 23d day of November, 1926, upon the verdict of a jury for $1,000 in the first above-entitled action and $4,000 in the second

above-entitled action, and also from an order entered in each action on the 24th day of November, 1926, denying defendant's motion for a new trial made upon the minutes.

*Moot, Sprague, Brownell & Marcy* [*John W. Ryan* and *John S. N. Sprague* of counsel], for the appellant.

*John J. Brown* [*Irving W. Cole* of counsel], for the respondents.

CLARK, J. These actions were tried together. The Nellie Quinn case was brought to recover damages for personal injuries claimed to have been received through the alleged negligence of · defendant.

The action of Nellie M. Quinn, as administratrix, against defendant was in the first instance brought by the father, as guardian *ad litem* of Nellie Quinn, an infant, to recover for expenses and loss of services of his daughter growing out of the same accident, and since the father's death the action was continued by his administratrix.

Nellie Quinn was an infant when her action was begun, but at the time of the trial she had attained her majority.

Defendant is a railroad corporation operating lines in the city of Buffalo and elsewhere. During the late forenoon of May 20, 1923, plaintiff Nellie Quinn, while crossing defendant's tracks at Vandalia street, if extended, was hit by a freight car moving slowly and sustained the injuries for which she has been awarded damages.

At the point of the accident Vandalia street had not been extended across defendant's tracks and it is not a street. It comprised a portion of defendant's yards. Defendant owned the property as charged by the learned trial court, and no exception was taken by plaintiffs to that charge.

The evidence shows that defendant used this yard for storing freight cars and for the general purposes of its railroad business. Cars were frequently moved across this territory and that fact was perfectly well understood by people living in that vicinity. Pedestrians were in the habit of crossing the tracks at any point where there were openings between cars, both at the place of the accident and anywhere in defendant's yards in that vicinity. There was no planking between the tracks and no sidewalks, and there were no facilities for vehicular traffic. Defendant had eight tracks at this point and it was in the habit of piling ties and rails or storing cars anywhere in the yards, including the place of the accident, as its business required.

On the morning of the accident plaintiff went from her home walking between or along defendant's tracks for a considerable distance, and then undertook to cross the eight tracks as she pro-

ceeded northerly. She and her companions went around the end of a standing car, and just as she was passing the end of the car it moved, but it does not appear how, and she was hit and sustained the injuries complained of.

Whatever use was made of this territory by people crossing the tracks was not in any well-defined lines, but they got across as best they could, and wherever there were openings between cars, whether at Vandalia street, if extended, or elsewhere in the yards.

One witness called by plaintiffs testified that the point in question was " just like any railroad yard there. There was no pathway there; that's all; " and cars were frequently parked across this Vandalia street, if extended.

Defendant in no way invited the public to cross its tracks at this point. It blocked the way as its business demanded. Under these circumstances, with defendant not conceding that this was a public street at the point of the accident, and where it owned the right of way, and where the use made of the territory by pedestrians did not follow a well-defined course, but was in a haphazard way, it did not create a right of user by license or sufferance, and when plaintiff assumed to cross the tracks at that point she took her chances and defendant was not guilty of any actionable negligence which caused her injuries. (*Vaughan* v. *Transit Development Co.,* 222 N. Y. 79; *Jerzewski* v. *Erie Railroad Co.,* 215 App. Div. 748; affd., 242 N. Y. 592; *Magar* v. *Hammond,* 183 id. 387; *Weitzmann* v. *Barber Asphalt Co.,* 190 id. 452, 456; *Fox* v. *Warner-Quinlan Asphalt Co.,* 204 id. 240; *Edwards* v. *N. Y. C. & H. R. R. R. Co.,* 169 App. Div. 686.)

The use of the territory where the accident occurred being at irregular points and at any convenient point, and not following any particular lines, did not create a highway or right of way, and the decision in *Town of Leray* v. *N. Y. C. R. R. Co.* (226 N. Y. 109) is in point. (See, also, *Kyser* v. *N. Y. C. R. R. Co.,* 211 App. Div. 500.)

The evidence would not justify a finding that defendant by any affirmative act of negligence caused this accident. There was no proof that the cars were set in motion by a locomotive or by any act or omission of defendant. As was stated by POUND, J., in *Vaughan* v. *Transit Development Co.* (222 N. Y. 79, 83): " The plaintiff must establish actionable negligence, and ' to bring the case within the category of actionable negligence, some wrongful act must be shown, or a breach of some positive duty.' "

In the absence of such proof it is our opinion that plaintiff has failed to show that defendant was remiss in any duty it owed her.

The judgments and orders should be reversed on the law and the facts, with costs to appellant to abide the event, and new trials granted.

All concur.   Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

In each case: Judgment and order reversed on the law and facts and a new trial granted, with costs to appel ant to abide the event.