In the Matter of the Application of EDSON J. SCHUYLER and BERTHA W. SCHUYLER, Petitioners, for a Peremptory Order of Mandamus against the TOWN OF ANGELICA, Respondent.

Supreme Court, Allegany County, May 12, 1930.

*Harry L. Allen* [*Greenleaf Van Gorder* of counsel], for the petitioners.

*D. D. Dickson* for town of Angelica.

CHARLES B. WHEELER, Official Referee. This is a mandamus proceeding to compel the town of Angelica in the county of Allegany to restore a certain highway and to rebuild a bridge over what is known as the Angelica creek.

There is little dispute as to the essential facts. Mr. Schuyler, the

petitioner, is the owner of a small farm of forty acres bounded on the north by Angelica creek. This creek is joined by Baker creek, and makes a turn to the south near the western part of the Schuyler farm. For many years a highway ran across the farm from east to west to a bridge spanning Angelica creek. The creek in question runs through a narrow valley or gorge and is some thirty or forty feet below the top of the high bank of the farm which extends to the edge of the gorge below. Owing to the nature of the valley through which Angelica creek runs the stream for years has been subject to floods. The stream overflows its banks, eats into the high banks along its sides, and as a result these banks slide into the creek bed below. This process has been going on for years, and the edge of the bank has been constantly receding.

The highway or road in question originally ran on the top of the high bank, but the sloughing off has gone to such an extent that for about 150 feet the highway has been entirely eaten away and gone down into the chasm and no longer exists.

This highway ran between the edge of the high bank and the petitioners' house, and the sloughing off of the bank has progressed so far that the edge of the bank is now only about four feet from the front porch of the house, and is in danger of being further undermined and falling into the creek bed. In a flood which occurred in 1916 the abutments of the bridge referred to were carried away and travel over the bridge rendered impossible, and the bridge was left in an unsafe condition. Since that time the bridge has never been rebuilt and there has been no travel over it, and owing to the steepness of the banks it has been impossible for wagons or teams to cross the creek. Not only this but by official action of the town board taken in December, 1915, the bridge was condemned and declared abandoned.

The petitioners purchased their farm of forty-four acres in 1919 and at that time substantially the conditions described existed.

In the petition for a mandamus the petitioners ask that a peremptory order of mandamus be granted, directed to the respondent, or the proper officers thereof, directing and commanding the said town of Angelica, or its proper officers, to immediately repair the said highway and put it in such condition as to prevent further encroachment upon the lands of the petitioners, and protect the residence of the petitioners in such way as to make it safe and habitable, also to rebuild the said bridge, also for a judgment against the defendant for the sum of $4,000 as and for their damages.

The evidence given before the referee on the trial of this proceeding shows that to restore the highway in front of the petitioners' house

to its former condition involves the driving of piles and the filling in of the space where the old highway was with earth, and protecting all this so far as possible against other floods, with no absolute assurance destruction would be avoided. The cost of this would be from $8,000 to $10,000. The evidence further is that to rebuild the bridge referred to would cost about $30,000. Some witnesses place the cost more. In any event the necessary cost of doing the things demanded in the petition would cost all-told in the neighborhood of $40,000.

The value of the petitioner's property is very small in comparison with the necessary outlay in doing what is demanded.

Mr. Schuyler purchased the property in 1919. He paid $3,500 for it, but the price included stock and implements on the place, and in the deed itself the price of the land was stated to be $2,500.

Since then the values of farm properties have declined, and at present farms are considered to be worth about thirty per cent less than they were in 1919. This would give the present value of the petitioner's farm at about $1,750. Some witnesses place its present value at much less.

It is sufficient, however, to show that the petitioner asks the town of Angelica to expend some $40,000 for the benefit of property the total value of which is not to exceed $1,750. The benefits conferred even if the highway and bridge were rebuilt are all the more out of proportion to the cost of restoration.

The petitioner's farm adjoins on the east the village line of the village of Angelica. Access to his property exists by virtue of what is known as the Bell Hill road which runs into Davidson street or road, and this street or road in turn connects with a newly constructed State or county highway running east and west on the opposite side of Angelica creek. If the petitioner should desire to travel west from his farm, a perfectly good highway is provided by going over the Bell Hill road to Davidson street, and over Davidson street to the State or county highway and by taking this route he would be required to travel only less than half a mile further than he would were the road and bridge reconstructed and he passed over them.

These facts are recited simply to show that any benefit the petitioner might receive by the reconstruction of the highway and bridge in question is trifling compared with the burden of cost which would be cast on the town for reconstruction. Under such conditions the question is presented whether the court should mandamus the town to do the things asked, or whether in its discretion it may refuse to issue such order asked.

In the discussion of this question the referee proceeds upon the

assumption that the relief asked would be right and proper but for the peculiar facts above stated.

Mandamus is not a matter of strict legal right. (*People ex rel. Wood* v. *Assessors*, 137 N. Y. 201, 204; *People ex rel. Ajas* v. *Board of Education*, 104 App. Div. 162, 164.) It may be refused where public interest will be injuriously affected. (26 Cyc. 146, citing among other cases, *Matter of Village of Waverly*, 35 App. Div. 38; affd., 158 N. Y. 710; also *People ex rel. Wood* v. *Assessors*, 137 id. 201.)

Mandamus will also be refused where it will cast on the defendant an excessive burden. (26 Cyc. 147; *People ex rel. Wood* v. *Assessors*, 137 N. Y. 201.)

In brief, mandamus is not an absolute right, but in proper cases courts in their discretion may decline to issue one.

The referee is of the opinion that this is a case where the court should decline to order a mandamus as prayed. To burden the town of Angelica with the cost of the restoration of the highway and bridge would cast an excessive burden on it out of all proportion to any benefit to be realized. The first impulse of the referee would be to remit the petitioner to an action for damages (if such he has) for any failure on the part of the town to do its duty in restoring the highway in question.

We, however, meet with this situation. The petitioner did begin an action in the Supreme Court to recover such alleged damages. The action came on for trial, and the defendant in that action moved for the dismissal of the complaint on the ground it failed to state a cause of action. The court took the motion under advisement, and then granted the motion dismissing the complaint and judgment was entered accordingly.

The town of Angelica in its return to this proceeding sets up as a defense the said action and judgment and here contends those proceedings and judgment are *res adjudicata* as to any legal liability on the part of the town to maintain or restore the highway and bridge. In the action referred to it was contended that the town owed no duty to protect the petitioner's property from floods and the action of the elements, and that what in fact occurred causing the destruction of the highway and bridge was due to no fault or neglect of the town, and it was not, therefore, legally liable for damages.

The trial court evidently took this view and dismissed the complaint.

A reading of the record in that action appears to confirm this view of the action of the court, and the referee here is unable to discover why the judgment rendered would not be a complete bar to a new action for damages.

Indeed it is not clear but that the judgment rendered in the action above stated is not a bar to this mandamus proceeding.

If the court in that case decided there was no legal liability to the plaintiff for the destruction by floods of the roadway and bridge it is difficult to discover how the town can be compelled to restore what was so destroyed.

The petitioner, however, contends that the judgment is not *res adjudicata* in this proceeding and resulted only owing to the insufficiency of the allegations of the complaint in that action, and was not a judgment on the merits. The argument may be sound and if the referee accepts it then the relator may well be remitted to his remedy at law, and bring a second action to recover damages. If the judgment dismissing the petitioner's complaint in his former action is not to be deemed *res adjudicata* in this proceeding, nevertheless the ruling of the court made in the former action must be deemed *stare decisis* of the questions involved and it is going far to ask the referee here to make a different holding or ruling than that made by the court on the motion to dismiss the relator's complaint in the former action. We think the referee should respect and follow that ruling in this proceeding.

The result is that the judgment so entered is either *res adjudicata* in this proceeding, but if not then the petitioners should be remitted to their action at law, under the rule that mandamus will be denied where the granting of the order will cast an excessive and unreasonable burden on the public.

The town of Angelica interposes, however, other defenses to this proceeding, and alleges the road in question has been abandoned and ceased to exist, and, therefore, the town is under no legal obligation to restore.

Section 234 of the Highway Law (as amd. by Laws of 1915, chap. 322), among other things, provides: "Every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right of way * * *." Then follows a direction that the town superintendent shall file and cause to be recorded in the town clerk's office a written description of each highway and public right of way so abandoned, "and the same shall thereupon be discontinued."

The facts are that the road running across the petitioner's farm was a part of a continuous highway leading from the village of Angelica west to other villages in the county.

In the spring of 1916 the bridge referred to across Angelica creek was so far destroyed by a flood that it could no longer be used.

This prevented the general use of the highway west beyond the creek, for without the bridge the creek could not be crossed. Of course, the highway across the petitioner's farm could be used up to the bridge and no further, saving and excepting, however, so much of the highway that once existed in front of the petitioner's house, but which by the caving in of the banks of the gorge had gone into the bed of the creek. This caused a break in the continuity of the road across the petitioner's farm for a distance as the maps show of about 110 feet, and this break in the highway begins about 50 feet west of the east line of petitioner's farm, so we have travel over the farm in question interrupted by the 110 feet of road gone and by the destroyed bridge. This condition has lasted since 1916.

The evidence given on the hearing before this referee is that the town and highway officials have not in any way worked the road or expended any money on it.

In December, 1915, the town board by resolution formally declared the bridge abandoned. However, there is no evidence that the superintendent of highways ever filed and recorded a certificate of abandonment.

The only evidence of any user of this road is that a few times since the petitioner owned the farm people in automobiles visited the creek bottom near the bridge on picnics, there being a grove there, making it attractive for such purposes. In going there such persons may have driven over a part of the plaintiff's property where there was no road whatever.

Do these facts make out a case of abandonment under the statute?

The referee is impressed with the fact that the highway across the petitioners' farm was and has been abandoned for many years. Part of the old road was gone. It had been washed into the creek bed, and this part could not be traveled at all. The bridge was gone at the further or westerly end of the petitioners' farm and all possibility of using the highway at all terminated at the bridge. The highway was of no use to any one wishing to go any further than across the relator's own farm. It was never worked by the town authorities. Some years ago it was proposed to build a new county road running from Angelica west. Engineers of the State came and examined this section of the old highway as it then existed across the petitioners' farm and reached the conclusion it would be inadvisable to rebuild and restore it owing to existing conditions.

The county and State authorities, therefore, laid out and built an entirely new road or highway on the opposite side of Angelica creek which accommodates travel for those desiring to go west from Angelica and the highway in question across the petitioners'

farm was left unrestored. These facts indicate a pretty clear intention of abandonment on the part of public officials. No certificate of abandonment was ever filed.

However, it is held in the case of *Rayner* v. *Syracuse University* (35 Misc. 83, 93) that to constitute an abandonment such a certificate is not necessary. That it is sufficient if, as matter of fact, the road or highway has been abandoned as such.

By resolution of the town board the bridge was closed to travel and declared abandoned. Without the bridge the road across the farm was of use to no one except to the occupant or owner of the petitioner's farm, and a portion of even that road was impossible of use as having been washed away and gone into the creek bed. As to the public the referee is of the opinion there was an abandonment.

The occasional use of a highway by some wayfarer or hunter who might occasionally drift along does not constitute such use as will prevent an abandonment. (*Townsend* v. *Bishop*, 61 App. Div. 18, 21.) There must be a use as a highway. (*Kyser* v. *N. Y. Central R. R. Co.*, 211 App. Div. 500, 502.)

In the case of *Town of Leray* v. *N. Y. C. R. R. Co.* (226 N. Y. 109) the court said: "Use 'as a highway' involves something more. Travel must proceed, in forms reasonably normal, along the lines of an existing street." (Citing *City of New Rochelle* v. *New Rochelle Coal & Lumber Co.*, 224 N. Y. 696; *Barnes* v. *Midland R. R. Terminal Co.*, 218 id. 91, 98.)

So, too, in *Barnes* v. *Midland R. R. Terminal Co.* (218 N. Y. 91, 99) it is said that it is not necessary to show an abandonment along the entire length of the highway.

Applying these rules and principles to the case in hand, the referee is of the opinion that the respondent has made out a case of abandonment and non-user within the meaning of the statute.

As the referee has stated, there was some evidence that occasionally picnickers went to grounds near the creek and not far from the abandoned bridge, but in so doing they as a rule came to the creek from the opposite side of the bridge, and it is doubtful whether they crossed the farm of the petitioners for many years. It is claimed none were seen there later than 1913.

Taking all the facts and law into consideration the referee directs that the petition in this proceeding be dismissed.

So ordered