Thomas J. Morrison, Respondent, *v.* John D. Mack and Others, Water Commissioners of North Gates Water District in the Town of Gates, Monroe County, New York, Appellants.

Per Curiam. The circulation of a petition for the formation of a water district does not require the services of an engineer. Consequently, even assuming without deciding that the reasonable expenses of the necessary proceedings on the organization of a water district (Town Law, § 284) include the expenses of circulating the petition, the plaintiff would not be entitled to have his professional position considered as bearing upon the value of the portion of his services relating to the circulation of the petition. In our judgment upon this record the value of all the services performed by the plaintiff chargeable against the district does not exceed the sum of $750. However, the statute authorizing actions against the commissioners of a water district limits such actions to those for a breach of a contract entered into by the water commissioners pursuant to article 13 of the Town Law (§ 287-b*). This action is not one of those specified in the statute. The defendants as water commissioners are, therefore, not subject to suit upon the plaintiff's demand against the district. The plaintiff's remedy is by mandamus. (*People ex rel. Farley v. Winkler*, 203 N. Y. 445.) All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ. Judgment reversed on the law, with costs, and complaint dismissed, with costs.

The People of the State of New York ex rel. Edson J. Schuyler and Bertha M. Schuyler, Appellants, v. Town of Angelica, Respondent.— Judgment and order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

Jesse G. W. Kreiss, Appellant, v. Jack Weafer, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

---

* Added by Laws of 1928, chap. 498.— [Rep.