In the Matter of the Application of GEORGE W. SALISBURY and All Others Who May Join Herein, Petitioners, Appellants, for a Peremptory Mandamus Order against ANSON G. ROGERS and Others, Constituting the Board of Supervisors of the County of Ontario, and Another, and for an Alternative Order of Mandamus against the Aforesaid Persons Constituting the Board of Supervisors of the County of Ontario, and for an Alternative Order of Mandamus against J. W. MATTOON, Town Superintendent of Highways of the Town of Phelps, and Others, Respondents.

GEORGE N. KING and Others, Intervening Petitioners, Appellants.
(Appeal No. 1.)

In the Matter of the Application of GEORGE W. SALISBURY and All Others Who May Join Herein, Petitioners, for a Peremptory Mandamus Order against ANSON G. ROGERS and Others, Constituting the Board of Supervisors of the County of Ontario, etc.

In the Matter of the Application of GEORGE N. KING and Others, Petitioners, Appellants, for Leave to Intervene Herein as Party Petitioners.

ANSON G. ROGERS and Others, Respondents.
(Appeal No. 2.)

Fourth Department, September 22, 1937.

*Thomas J. Cleere*, for the appellants.

*Earle S. Warner*, for the respondents.

TAYLOR, J. These appeals present for review two orders made at Special Term in a mandamus proceeding. One order appealed from denies petitioner's application for peremptory and alternative mandamus orders to compel official action, with respect to a high-

way and bridge, by certain public officials of the county of Ontario and the town of Phelps in said county. The second order appealed from denies the application of several taxpayers residing in said town for leave to intervene as party petitioners in the mandamus proceeding.

A brief statement of the facts upon which petitioner bases his right to relief will disclose the nature of the controversy.

Unionville Mill road, a town highway entirely within the town of Phelps, runs northerly from New York State Highway No. 15 to a highway leading from Willings Mill to John Van Hamel Corners, commonly known as Gress road. Prior to April 25, 1934, Unionville Mill road crossed Canandaigua outlet, a non-navigable body of water, by means of an iron bridge having a span of more than twenty-five feet. On March 16, 1931, the town highway superintendent filed and caused to be recorded in the town clerk's office a certificate that he had declared a qualified abandonment of that portion of the road between the outlet iron bridge and the highway leading from Willings Mill to John Van Hamel Corners. The flooring of the outlet bridge was removed about June 1, 1931. On April 21, 1934, the defendant Chester, county highway superintendent, condemned the said bridge pursuant to the provisions of subdivision 2 of section 19 (now section 231) of the Highway Law and reported such fact, in writing, to the board of supervisors; he also prepared plans and an estimate and reported to the said board that the bridge could be reconstructed at an expense not to exceed $20,000. The board of supervisors has taken no official action with reference to the repair or reconstruction of the bridge and has not provided funds therefor.

Petitioner for many years has been a resident of the town of Phelps; he owns two parcels of land abutting on the Unionville Mill road, one parcel of 120 acres north of the Canandaigua outlet, and the other, a parcel of 3 acres, south of the outlet.

Petitioner further alleges that the jurisdictional facts set forth in the certificate of qualified abandonment of the highway did not actually exist. Based upon the allegations set forth in his petition, three mandamus orders were requested by petitioner: (1) For an alternative order directing the cancellation of the certificate of qualified abandonment; (2) for an alternative order directing that his damages be ascertained and paid, and (3) for a peremptory order directing the repair or reconstruction of the bridge. The Special Term denied all three requests without stating any specific grounds. It is clear, however, that petitioner was not entitled to an alternative order directing that his damages be ascertained and

paid. The Highway Law makes no provision for compensation for consequential damages resulting from the qualified abandonment of a highway or for the closing of a bridge that has been condemned. No statutory provision or common-law principle imposes liability for damages upon a county for the failure of its board of supervisors to proceed with the repair or reconstruction of a bridge that has been condemned.

It is equally clear that petitioner was not entitled to an alternative order against the town highway superintendent based upon the allegation that the certificate of qualified abandonment of the highway was not warranted by the then existing facts. He undoubtedly would have been entitled to such an order if he had commenced his proceeding within a reasonable time after the filing of this certificate. A certificate of qualified abandonment, filed pursuant to the provisions of section 234 of the former Highway Law (section 205 of the present Highway Law, Laws of 1936, chap. 63), is not conclusive; it is an administrative act and open to attack upon proof that the facts upon which it was based were non-existent (*People ex rel. De Groat* v. *Marlette*, 94 App. Div. 592; *Matter of Trainer* v. *Lewis*, 243 id. 630), but a mandamus order will not be granted if application therefor is too long delayed. (*Matter of Williams* v. *Pyrke*, 233 App. Div. 345.)

Petitioner commenced this proceeding in December, 1935, more than four and one-half years after the certificate of qualified abandonment had been filed and recorded. Although he lived upon the premises abutting on the portion of the road qualifiedly abandoned, it does not appear that he made any complaint until just before he commenced this proceeding, and no attempt has been made to excuse his long delay.

The final question to be determined is whether the facts required that the Special Term grant a peremptory or an alternative mandamus order directing that the board of supervisors undertake the repair of this bridge or the construction of a new one and provide funds therefor.

The law is well established that mandamus proceedings are controlled by equitable principles and that the court, in its discretion, may refuse mandamus where the enforcement of a strict legal right would work unnecessary hardship or compel the doing of an idle act or protect legal rights, the exercise of which may be prejudicial to the public interest, or where the petitioner has been guilty of laches or inequitable conduct. (*United States* v. *Dern*, 289 U. S. 352; *People ex rel. Wood* v. *Assessors, etc.*, 137 N. Y. 201; *Matter of Warehousemen's Assn. of Port of New York, Inc.*, v.

*Cosgrove*, 241 id. 580; *Matter of Smidt* v. *McKee*, 262 id. 373; *People ex rel. Schuyler* v. *Town of Angelica*, 232 App. Div. 718, affg. 137 Misc. 190.) It does not appear from the record in this proceeding that this discretion was not properly exercised. The affidavits submitted by the board of supervisors, in answer to the petition, allege that prior to 1931, a mill, located on this road, was destroyed by fire; that, after the fire, the road was not used by the public and no one resided on it; that the 120-acre parcel owned by petitioner was occupied by him as a residence shortly after 1931; that petitioner acquiesced in the practical abandonment of the bridge and the qualified abandonment of the road until 1935 when he purchased the 3-acre parcel to the south of the outlet bridge and filed a claim against the town for $1,500 damages and, upon the failure of the town board to audit the claim, petitioner instituted this proceeding to compel the board of supervisors to reconstruct the bridge at an expense of $20,000. Petitioner did not file any affidavits in answer to these allegations although answering affidavits might have properly been considered as bearing upon the propriety of the issuance of an alternative order. (*Matter of Poucher* v. *Berry*, 249 N. Y. 17.)

Under the circumstances, the order of the Special Term, denying the application of petitioner George W. Salisbury for mandamus orders, should be affirmed as a matter of discretion, without costs and without prejudice to petitioner to institute a new proceeding based upon a showing of sufficient equities. The order, denying the application of George N. King and others for leave to intervene herein as petitioners, should also be affirmed, without costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Orders affirmed as matter of discretion, without prejudice, and without costs on this appeal to any party.