Appeal dismissed, without costs, on the ground that the order is not a final order and hence is not appealable. (See Civ. Prae. Act, § 1304.) Memorandum: The order appealed from merely declares that the petitioners are entitled to an order and judgment herein directing the respondents to rebuild the bridge and to reopen the highway. There is no provision in the order requiring or commanding that they do so. (See Civ. Prac. Act, § 1300.) All concur, except MeCurn, J., who dissents and votes for affirmance in the following memorandum: The order from which the appeal is taken was entered upon the court's decision containing findings of fact and conclusions of law. It reads, “ Ordered, that the petitioners are entitled to an order and judgment herein directed to the respondents, commanding and requiring them to rebuild the Milo Street bridge * * While it does not in express terms mandate the respondents to rebuild the bridge in question, that is the purport of the order, and it clearly appears from the arguments and the briefs upon this appeal that the parties have so construed it. All issues of law and fact have been fully litigated and determined. The order determines the controversy between the parties as to whether the respondents must rebuild the bridge. Nothing remains for further judicial inquiry or discretion. If any further mandate becomes necessary to enforce the order its issuance will be a purely ministerial act. We should, therefore, regard the order appealed from as a final order. The petitioners have shown a clear legal right to the relief asked for, and the granting thereof was in my opinion a proper exercise of the court’s discretion. I, therefore, dissent and vote to affirm. (The order appealed from holds that petitioners are entitled to an order requiring the reconstruction of a certain bridge and reopening of a street as a public thoroughfare.) Present — Taylor, P. J., MeCurn, Vaughan, Kimball and Piper, JJ. [198 Misc. 119.]