■ JAMES G. CHAMBERLAIN et al., Appellants, v TOWN OF PORTVILLE et al., Defendants, and ROGER MAYNARD et al., Respondents. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiffs appeal from an order which granted defendants' motion for dismissal of the action on the ground of collateral estoppel, and denied plaintiffs' cross motion for summary judgment on their claim that certain real property known as the Linwood Drive Extension is a Town highway pursuant to Highway Law § 170 *et seq.,* and on the alternative claim of plaintiff Chamberlain that he has an easement over the extension by virtue of a grant of deed. We conclude that the doctrine of collateral estoppel does not preclude plaintiffs from litigating their claim that the

right-of-way across the Maynards' property was and continues to be a Town highway. The trial court's decision in the first litigation of this property dispute *(see, Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538) addressed the issue of whether the extension was a Town highway; however, it appears that the issue was injected into the case by the Trial Judge *sua sponte.* That claim was not set forth in the plaintiffs' complaint, which alleged only that plaintiffs had a prescriptive easement over the extension.

Although plaintiffs in the prior action attempted to show that the Town had maintained the extension and that it had been used by the general public, not merely by plaintiffs, plaintiffs did not formally rely on that theory. Proof of use by the general public was not an indispensable element of plaintiffs' claim of prescriptive easement. Moreover, the Town highway issue was not relied upon or even mentioned in our decision in *Beutler* or in the Court of Appeals memorandum *(see, Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538, *supra).* It thus cannot be concluded that there was an identity of issue between the former and the present action, or that these plaintiffs, or their predecessors in interest, had a full and fair opportunity to litigate that issue.

Defendants nonetheless are entitled to summary judgment dismissing plaintiffs' Town highway claim. Where the record on appeal demonstrates the absence of any genuine triable issue of fact, this court has the power and the obligation to grant summary judgment even to a nonmoving, nonappealing party *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111; CPLR 3212 [b]). This is an appropriate case for the exercise of that power. Once a road is shown to be a public highway, the burden shifts to the opposing party to demonstrate that it no longer is one by virtue of public abandonment *(see, Horey v Village of Haverstraw,* 124 NY 273, 276; *Matter of Flacke v Strack,* 98 AD2d 881, 882). A municipality's abandonment of a public highway may be shown by proof of the filing of a formal declaration to that effect or by proof that the municipality no longer maintains the road or that it ceases to be traveled by the public *(see,* Highway Law § 205 [1]; § 207; *Hallenbeck v State of New York,* 59 Misc 2d 475, 479, *affd* 40 AD2d 1081; *Matter of Schuyler v Town of Angelica,* 137 Misc 190, *affd sub nom. People ex rel. Schuyler v Town of Angelica,* 232 App Div 718). Here, although plaintiffs adduced proof in the form of ancient documents tending to show that there once was a Town highway located in the approximate place of the extension, defendants submitted the

former trial testimony of current and former Town officials showing that the Town had not maintained the extension since 1954. Defendants' unrebutted evidence of abandonment conclusively forecloses plaintiffs' claim that the extension is a Town highway.

Despite the lack of merit of the claim that the extension is a Town highway, plaintiff Chamberlain is entitled to summary judgment. Defendants failed to rebut Chamberlain's claim that, by virtue of his deed, he has succeeded to a prescriptive easement that has been judicially declared in favor of his predecessors in interest, the Reisses (see, Reiss v Maynard, 148 AD2d 996). (Appeal from Order of Supreme Court, Cattaraugus County, Horey, J.—Dismiss Action.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.