In an action, inter alia, to set aside a conveyance of real property, the defendant Bank of America, N.A., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated May 7, 2012, as, in denying its cross motion to direct the plaintiff to make monthly payments for, among other things, her use and occupancy of the subject property during the pendency of the action, made a finding that it did not “own[ ]” the subject note and mortgage.
Ordered that the appeal is dismissed, without costs or disbursements, as the appellant is not aggrieved by the portion of the order appealed from (see CPLR 5511).
In an order dated May 7, 2012, the Supreme Court denied the appellant’s cross motion to direct the plaintiff to make monthly payments for, among other things, her use and occupancy of the subject real property during the pendency of the action. The appellant was aggrieved by the denial of its cross motion (see CPLR 5511). However, while the appeal from the order dated May 7, 2012, was pending, the Supreme Court, in an order dated November 26, 2012, granted the appellant’s motion to dismiss *831 the complaint insofar as asserted against it. In its brief on appeal, the appellant does not seek an award of the relief sought by its cross motion. Instead, it seeks reversal of stated portions of the order dated May 7, 2012, based upon reasoning set forth therein by the Supreme Court, which the appellant alleges may prejudice it in future proceedings.
The appellant is not aggrieved by the reasoning set forth by the Supreme Court. “[T]he concept of aggrievement is about whether relief was granted or withheld, and not about the reasons therefor” (Mixon v TBV, Inc., 76 AD3d 144, 149 [2010]; see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]). Since the Supreme Court’s finding that the appellant did not “own[ ]” the subject note and mortgage was made sua sponte (see U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047 [2011]), and, thus, deprived the appellant of a full and fair opportunity to litigate that issue, that finding would not be entitled to collateral estoppel effect in the future (see Chamberlain v Town of Portville, 177 AD2d 996 [1991]). Balkin, J.E, Chambers, Austin and Roman, JJ., concur.
Appeal by the defendant Bank of America, N.A., from an order of the Supreme Court, Kings County, dated May 7, 2012. By order to show cause dated April 8, 2013, the appellant was directed to show cause before this Court why an order should or should not be entered dismissing the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated May 13, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
Ordered that the motion is denied as academic in light of our determination of the appeal. Balkin, J.E, Chambers, Austin and Roman, JJ., concur.